UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARTH KAHL and MIKAL JAKUBAL,          )
                                        )     **COMPLAINT**
                    Plaintiffs,         )
                                        )     **JURY TRIAL DEMANDED**
    -against-                           )
                                        )     **ECF Case**
THE CITY OF NEW YORK, ERIC RIVERA,      )
and DOES,                               )     **05 CV 9885**
                                        )
                    Defendants.         )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which the plaintiffs seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.  This action is brought pursuant to the Constitution of the United States, including its First, Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3.  The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.  Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICES OF CLAIM

6.  Plaintiffs GARTH KAHL and MIKAL JAKUBAL filed Notices of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.  Plaintiffs were citizens, residents, or lawfully present in the United States at the time these incidents occurred.

8.  Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants ERIC RIVERA and DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

10. On August 29, 2004, at approximately 5:00 p.m., plaintiffs were on the sidewalk in the area of Times Square. They had just finished lunch around 52nd Street. GARTH KAHL is a nationally registered Emergency Medical Technician (EMT). MIKAL JAKUBAL is a California registered EMT. The plaintiffs were volunteering as EMT's during the Republican National Convention. They were wearing clearly marked EMT garb with certification badges and red crosses. They received a call that an insulin-dependent diabetic had been arrested in the area, and that asthmatics in the area may have been exposed to pepper spray.

11. When the plaintiffs approached the area where they had been told the arrests had taken place they observed a large police presence. They met a Registered Nurse (RN) who had also received a call about the arrests. The plaintiffs and the RN decided that the RN would attempt to speak with the police regarding the diabetic and possible asthmatic. The plaintiffs decided to leave the immediate area where people were being arrested.

12. When plaintiffs were walking on Eighth Avenue between 44th and 45th Street, and throughout the time plaintiffs were in the area of Eighth Avenue between 44th and 45th Street, there was a visible police presence in the area, and plaintiffs followed all directions and instructions given by police officers. At no time were plaintiffs advised or permitted to disperse, advised that their conduct might be considered illegal, or advised that their presence or conduct would subject them to arrest.

13. As the plaintiffs were walking down Eighth Avenue a group of New York City police came running up the Avenue. As the police went by the plaintiffs, who had moved to the side of the sidewalk to let the police go by, one of the officers pointed at the plaintiffs and said "You, you, and you."

14. At that point the plaintiffs were placed under arrest by defendants ERIC RIVERA and DOES. Plaintiffs were charged with two counts of Disorderly Conduct.

15. Subsequent to their arrest, plaintiffs were removed to Pier 57. At some point, the plaintiffs were removed to Central Booking at 100 Centre Street.

16. During plaintiffs' detention, they were placed in excessively tight handcuffs, and handcuffs were applied for excessive periods of time. Plaintiffs were not provided adequate facilities for sleeping, sitting, toileting, or personal hygiene, and were denied adequate medical care. Plaintiffs were verbally harassed, and were subjected to other means of inflicting pain and discomfort. Plaintiffs detained at Pier 57 were forced to come into intimate contact with noxious and irritating substances, including, on information and belief, toxic chemicals in the air and on the walls and floor of Pier 57.

17. All criminal charges against plaintiffs were subsequently dismissed.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

18. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

19. By their conduct and actions in causing the arrest and imprisonment of plaintiffs, and in arresting and imprisoning plaintiffs, by preventing plaintiffs from engaging in protected First Amendment conduct, by retaliating against plaintiffs because of their perceived exercise of First Amendment rights, by violating the arrestees' Fourteenth Amendment rights to equal protection, by using excessive force, by detaining plaintiffs for an excessive amount of time, by detaining plaintiffs under cruel and inhumane conditions at a facility which was not suitable for the detention of arrestees, and by deliberate indifference to medical needs, defendants ERIC RIVERA and DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth, and Fourteenth Amendments.

20. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

21. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

22. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, including: (a) the arrest of persons lawfully participating in, observing, or in the vicinity of demonstrations, protests or other forms of public expression during the Republican National Convention; (b) the unreasonably long detentions of such persons arrested on minor charges; (c) the detention of such persons under cruel and inhumane conditions at a facility which was not suitable for the detention of arrestees; (d) the infliction of pain and suffering upon such persons, including by the use of excessive force, keeping arrestees in handcuffs for extended periods of time, applying extremely tight handcuffs, denying toileting facilities and personal hygiene supplies, denying adequate facilities to sit or sleep, exposing to irritants, denying adequate medical care, verbally harassing, and other means of inflicting pain and discomfort. Each such policy, practice, custom and usage caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

23. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological

injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

### THIRD CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

24. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

25. By the actions described above, defendants falsely arrested and imprisoned plaintiffs, or caused them to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

26. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

### FOURTH CLAIM

### ASSAULT AND BATTERY

27. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. By the actions described above, defendants did inflict assault and battery upon plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury

and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

29. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

## NEGLIGENCE

30. The plaintiffs incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

31. Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiffs. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

32. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

      c. The convening and empaneling of a jury to consider the merits of the claims herein;

      d. Pre- and post-judgment costs, interest and attorney's fees;

      e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
            November 21, 2005

NORMAN FREDERICK BEST (NB-1968)
Law office of Susan Douglas Taylor
575 Madison Avenue, 10th Floor
New York, New York 10022
(212) 671-0122

MICHAEL L. SPIEGEL (MS-0856)
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-8558

*Attorneys for Plaintiffs*

By: _____
NORMAN FREDERICK BEST (NB-1968)